UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Criminal No. 08-CR-161 (RBW) |
| | : |
| KENNETH POSEY | : |
| JOHN HENRY HALEY | : |
|       Defendants, | : |

**GOVERNMENT'S MOTION REGARDING RULE 609 EVIDENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Motion Regarding Rule 609 Evidence. This motion serves as well to notice each defendant of his criminal history and the government's intention to use those convictions should evidence of the conviction be appropriate and relevant. In support thereof, the United States submits the following points and authorities and any other such evidence or argument as may be adduced at a hearing on the Motion.

**Defendants' Criminal Records**

1. <u>Kenneth Posey</u>

    1975    District of Columbia Conviction - Escape

    1977    Maryland Conviction - Rogue & Vabond

    1978    District of Columbia Conviction - Attempt Unauthorized Use of a Vehicle

    1979    Maryland Conviction - Daytime Housebreaking

    1980    District of Columbia Conviction - Possession of Methamphetamine

    1980    Maryland Conviction - Distribution of Perludin

    1985    Maryland Conviction - Theft; Robbery Battery

  2.  <u>John Henry Haley</u>

    1976 District of Columbia Conviction - Carrying a Pistol Without a License
                 Receiving Stolen Property

    1964 Maryland Conviction - Grand Larceny

    1995 Maryland Conviction - Malicious Wounding
                  Use of a Handgun During a Crime of Violence

## **Argument**

In the event that either defendant testifies at trial, the government should be permitted to impeach him with his prior convictions. Rule 609 of the Federal Rules of Evidence allows for the introduction of convictions punishable by imprisonment in excess of one year to attack the credibility of the defendant in a criminal case, subject to a prescribed balancing of probative value and prejudicial effect of evidence. The rule specifically provides that any such conviction "shall be admitted if the [trial] court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1). The Rule further prescribes that "evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment." Fed. R. Evid. 609(a)(2). This Circuit has held that "the district court has discretion to determine when to inquire into the facts and circumstances underlying a prior conviction and how extensive an inquiry to conduct" when balancing the admissibility of evidence under Rule 609. <u>United States v. Lipscomb</u>, 702 F.2d 1049, 1068 (D.C. Cir. 1983); <u>see</u> <u>also</u> <u>United States v. Brown</u>, 603 F.2d 1022, 1028 (1st Cir. 1979) (requirements of 609(b) balancing met "even though specific facts and circumstances were not itemized for the record").

  Each defendant's prior convictions bear directly upon his credibility. The effect of prior convictions upon a juror's evaluation of witness testimony is well documented. The serious nature

of a defendant's prior offenses may be considered by the jury as indicative of his lack of veracity. Such convictions, including offenses involving drugs and weapons, are probative of a defendant's respect for the law and are directly relevant to an examination of his credibility. Courts routinely admit evidence of such prior convictions, even when the prior offenses are of the same type as the instant charges. See e.g., United States v. Smith, 49 F.3d 475, 478 (8th Cir. 1995) (evidence of defendant's prior gun conviction properly used to impeach his credibility in case charging defendant with being a felon in possession of a firearm). The rational for allowing impeachment by convictions for crimes involving dishonesty (Fed. R. Evid. 609(a)(2)) is obvious. These types of convictions, regardless of the amount or length of punishment, are directly suggestive of the defendant's character for truthfulness and are relevant areas of inquiry on cross examination.

Of course, the court can and should significantly lessen the prejudicial effect of the admission of evidence of the defendant's prior criminal convictions by instructing the jury as to the limited use to which it can put evidence of a prior conviction.

WHEREFORE, the government respectfully requests that the Court permit the Government to impeach the defendant with his prior convictions should he choose to testify.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar No. 498610

_____

Arvind K. Lal
Nancy B. Jackson
Assistant United States Attorneys
Organized Crime and Narcotics Trafficking Section
555 4th Street, N.W., Room 4217
Washington, D.C. 20503
(202) 353-8833

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | **Criminal No. 08-CR-161 RBW)** |
| | : | |
| **KENNETH POSEY** | : | |
| **JOHN HENRY HALEY** | : | |
| Defendants, | : | |

### ORDER

Having reviewed the Government's Motion Regarding Rule 609 Evidence, any Opposition thereto, and such evidence as has been presented at a hearing on the motions, the Court hereby rules that the Government's Motion Regarding Rule 609 evidence is GRANTED.

IT IS SO ORDERED.


Dated:_____                    _____
                                            The Honorable Reggie B. Walton
                                            United States District Judge


COPIES TO:

Arvind K. Lal
Nancy B. Jackson
Assistant United States Attorneys
Organized Crime & Narcotics Trafficking Section
Office of the United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530

John Briley, Jr., Esquire
6205 30th Street, N.W.
Washington, D.C. 20015

Mitchell Seltzer, Esquire
601 Indiana Avenue, N.W.
Suite 500
Washington, D.C. 20004