# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| v. | : **Criminal No. 08-CR-161 (RBW)** |
| | : |
| **KENNETH POSEY** | : |
| **JOHN HENRY HALEY** | : |
| **Defendants,** | : |

## GOVERNMENT'S MOTION TO INTRODUCE EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS UNDER F.R.C.P. 404(b) AND GOVERNMENT'S MOTION TO ADMIT SUCH EVIDENCE AT TRIAL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this motion to introduce evidence of other crimes, wrongs or acts (commonly referred to as, "404(b) evidence") pursuant to Federal Rule of Criminal Procedure 404(b). The introduction of this evidence is relevant to prove one or more of the following; motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. In support of this motion the Government relies on the following points and authorities and such other points and authorities as may be cited at any hearing on this matter. We submit that the evidence of each defendants's other crimes, wrongs, or acts should be admitted at trial.

## BRIEF STATEMENT OF FACTS

The Indictment in this matter charges each defendant, *inter alia*, with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Cocaine Base and Conspiracy to Transport and/or Receive Stolen Goods.

## OTHER CRIMES, WRONGS, BAD ACTS

The United States intends to introduce evidence at trial of the following other crimes, wrongs, or bad acts:

## A. **Prior Convictions**

1. <u>Kenneth Posey</u>

    1975    District of Columbia Conviction - Escape

    1977    Maryland Conviction - Rogue & Vagabond

    1978    District of Columbia Conviction  - Attempt Unauthorized Use of a Vehicle

    1979    Maryland Conviction - Daytime Housebreaking

    1980    District of Columbia Conviction - Possession of Methamphetamine

    1980    Maryland Conviction - Distribution of Perludin

    1985    Maryland Conviction - Theft; Robbery Battery

2. <u>John Henry Haley</u>

    1976    District of Columbia Conviction - Carrying a Pistol Without a License
                                            Receiving Stolen Property

    1964    Maryland Conviction - Grand Larceny

    1995    Maryland Conviction - Malicious Wounding
                                Use of a Handgun During a Crime of Violence

## B. **Seizures**

On June 10, 2008, arrest warrants and search warrants were executed for the defendants.

Seized pursuant to the execution of those arrest and search warrants was the following:

1. <u>Kenneth Posey</u>

Pursuant to a search warrant executed at defendant Posey's home, 1852 Village Green Drive,

Landover, Maryland, law enforcement recovered drug processing and packaging material, a 9 mm

pistol, a 22 caliber pistol, multiple types of  ammunition, a Dell computer monitor,  an Epsom

printer, and a 50 inch Panasonic television, each of which were traded to the defendants by law

2

enforcement in exchange for narcotics. These transactions occurred during the conspiracy. Pursuant to a search warrant executed on defendant Posey's tow-truck, law enforcement recovered a cloth bag containing 2 cartons of untaxed Newport cigarettes[1].

Pursuant to a search of defendant Posey at the time of his arrest, law enforcement recovered from his body or from near him where he had thrown items, a cell phone, $2,166.00 in United States currency, a sandwich bag containing 23 ziplock bags of cocaine base, also know as crack, and 29 small ziplock bags of heroin.

2.    John Henry Haley

Pursuant to a search warrant executed at defendant Haley's apartment, 1112 Eastern Avenue, apartment 104, N.E., Washington, D.C., law enforcement recovered home electronic equipment including a 50 inch Panasonic television set which was traded to the defendants by law enforcement in exchange for narcotics, computer flash drives, drug processing and packaging material, a cell phone and a 7.65 caliber pistol.

ARGUMENT IN SUPPORT OF ADMITTING THE ABOVE EVIDENCE

The Court employs a two-step test to determine if prior "bad acts" evidence is admissible. Clarke v. United States, 24 F.3d 257, 264 (D.C. Cir. 1994). "The first step requires that the evidence be probative of some material issue other than character." Id.; see also Huddleston v. United States, 485 U.S. 681, 686 (1988). The evidence may be offered for any purpose, including

---

[1] On June 3, 2008, at approximately 3:45 p.m., the undercover agent met with RONALD HALEY at 9th and V Street Northwest, Washington, D.C. RONALD HALEY and the undercover then drove to 1112 Eastern Avenue, N.E., apartment 104, Washington, DC, where they met JOHN HALEY and KENNETH POSEY. While there the undercover agent exchanged with the defendants a master-case of untaxed Newport brand cigarettes for $900 in United States currency. It is believed that the cigarettes recovered from defendant Posey's tow-truck are part of the June 3, 2008 transaction.

to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, so long as it is not offered solely to prove character of a person in order to show action in conformity therewith.  Fed. R. Evid. 404(b).  Next, if the contested evidence is offered for a permissible purpose, "the second step requires that the evidence not be inadmissible under Rule 403." Clarke, supra, 24 F.3d at 264.  In other words, the "probative value of the evidence [must] not be 'substantially outweighed' by its potential prejudice."   United States v. Miller, 895 F.2d 1431, 1435 (D.C. Cir.) (quoting Huddleston,  485 U.S. at 687), cert. denied,  498 U.S. 825 (1990).[2]

Evidence of each defendant's prior offenses and bad acts is offered to illuminate essential elements of the offenses for which he has been charged and which the Government must prove beyond a reasonable doubt.  Evidence of defendants's bad acts, including drug possessions, gun possessions, and stolen property possessions are admissible on the issues of motive, intent, preparation, plan, knowledge, identity, and absence of mistake or accident, as well as to discount the defense of "innocent presence."  Evidence that a defendant had contact with drugs, guns, and stolen property at a time other than that charged  is powerful evidence of not only familiarity with controlled substances, weapons, and stolen property, but also its value, use in the illegal distribution of narcotics,  method of distribution, and the importance of secretion of contraband and the proceeds

---

[2]  It should be noted that the standard of proof for establishing admissibility of the facts of prior bad acts is less than in the underlying criminal case.  The Supreme Court in Huddleston held, "in the Rule 404(b) context, similar act evidence is relevant only if the jury can *reasonably conclude* that the act occurred and that the defendant was the actor."  Huddleston, 485 U.S. at 689, (emphasis added).  Thus, even if a jury could not find beyond a reasonable doubt that a crime was committed and that the defendant committed it, it could still reasonably conclude that a defendant committed a particular act for the purposes of 404(b) admissibility.  See, Dowling v. United States, 493 U.S. 342, 349 (1990).  Further, The District Court's determination whether to admit 404(b) evidence is reviewed for abuse of discretion.  United States v. Springs, 936 F.2d 1330, 1333 (D.C. Cir. 1991); United States v. Watson, 894 F.2d 1345, 1349 (D.C. Cir. 1990).

derived therefrom. These factors all shed light upon each defendant's motives and intentions to possess, distribute, and profit from the manipulation of the drugs trafficked by himself.   United States v. Washington, 969 F.2d 1073, 1081 (D.C. Cir. 1992)(evidence of defendant's prior drug transaction is probative of intent, knowledge and plan on defendant's part);   United States v. Rodgers, 918 F.2d 207, 210 (D.C. Cir. 1990) (evidence of other drug deal admissible to show knowledge, intent, and the absence of mistake);  see also United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982) (because testimony concerning defendant's past drug dealing established a course of dealing by defendant, such evidence was admissible to prove motive, intent, preparation, plan, knowledge, identity, and absence of mistake); United States v. Childs, 598 F.2d 169, 174 (D.C. Cir. 1979); United States v. Gallo, 543 F.2d 361, 365 (D.C. Cir. 1976).   Although the evidence reveals  defendants  participation in other criminal acts, appellate courts have held that, "under Rule 404(b), any purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character."  Miller, supra, 895 F.2d at 1436; see also Clarke, 24 F.3d at 264 (only impermissible use of other acts evidence is to show character).[3]

   Moreover,  404(b) evidence is admissible to establish motive, identity, common scheme or plan, opportunity, and absence of mistake or accident.  The introduction of this evidence would be permissible, the government contends, for any of these purposes. In addition to establishing

---

[3]  The Court has held that it was error to admit pursuant to 404(b) evidence of the defendant's prior firearms conviction in a case where the government's evidence was that the defendant was in actual rather than constructive possession of a firearm.  See United States v. Linares, 367 F3d. 941 (D.C. Cir. 2004). The Court distinguished  constructive possession cases, citing United States v. Cassell,292 F.3d 788 (D.C. Cir. 2002), as a constructive possession case where the defendant's intent and knowledge were at issue and the evidence was necessary to prove elements of the offense.

knowledge and intent, the evidence of each defendant's bad acts involving drugs, weapons, and stolen property are admissible to establish that the defendants possessed the contraband, with the intention of distributing them.  Evidence of defendants's bad acts focuses on the pivotal issues of knowledge and intent.

The 404(b) evidence establishes that each defendant either in his prior cases of conviction, or other bad acts engaged in the drug trade and in trafficking of stolen property.  The fact that defendants's convictions may have occurred years ago is not determinative of admissibility.  Where the similarity between the 404(b) evidence and the facts of the charged offense are closely related, the courts weigh in favor of admitting the evidence.  United States v. Mounts, 35 F.3d 1208, 1214-1215 (7th Cir. 199)(7 years between bad act and charged conduct sufficiently close nexus for admissibility); United States v. Hadley, 918 F.2d 848, 851 (9th Cir. 1990) (approving use of evidence 10 years old because of similarity of conduct);  United States v. Martino, 759 F.2d 998, 1005 (2nd Cir. 1985) (11 year old youth act conviction properly admitted on the issue of defendant's knowledge and intent to distribute narcotics);  United State v. Lopez-Martinez, 725 F.2d 471, 477 (9th Cir.), cert. denied 469 U.S. 837 (1984)  (fact that eight years separated the 404(b) case from the arrest-generated case not controlling where the facts of the first case were similar enough to the second to be relevant.).  See also United States v. Hinton, 31 F.3d 817, 823 (9th Cir. 1994) (finding similarity between acts warranted admission of 404(b) evidence).

In the instant case, the "other crimes" evidence is probative on the issues of defendants's motive, knowledge, intent and absence of mistake.  At trial, it would be insufficient for the government to simply prove that the defendants possessed an amount of drugs more consistent with re-sale, than with personal use.  The government has the burden of showing a nexus between

defendants and their intention to possess the illicit drugs and to sell the illicit drugs.

The admission of prior wrongs, in this case shows that each defendant, "was not some hapless fool mistakenly caught up in an overzealous law enforcement action." United States v. Kreiser, 15 F.3d 635, 640 (7th Cir. 1994). See, e.g., United States v. Moore, 732 F.2d 983, 989 (D.C. Cir. 1984) (finding prior drug transactions probative of intent to participate in future transactions). "The oftener a like act has been done, the less probable it is that it could have been done innocently." 2 J. Wigmore on Evidence sec. 312 (3d ed. 1940).

The similarities of conduct evidenced by defendants's other crimes are compelling, and warrant the admission of this evidence. Moreover, careful use of limiting instructions following introduction of this evidence and at the close of the case will effectively eliminate any prejudice to the defendant or misuse of the evidence by the jury. United States v. Ruffin, 40 F.3d 1296, 1298 (D.C. Cir. 1994). Any potential prejudice flowing from admitting this evidence can be cured by the Court giving an appropriate jury instruction. "'[I]t is the law, pure and simple, that jury instructions can sufficiently protect a defendant's interest in being free from undue prejudice.'" United States v. Perholtz, 842 F.2d 343, 361 (D.C. Cir.), cert. denied, 488 U.S. 821 (1988) (citation omitted). Accord Zafiro v. United States, 506 U.S. 534, 540-41.

WHEREFORE, for the foregoing reasons, the Government respectfully moves and requests

that the Court admit the above-described evidence pursuant to Federal Rule of Evidence 404(b).

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar No.  498610

_____

Arvind K. Lal
Nancy B. Jackson
Assistant United States Attorneys
Organized Crime and Narcotics Trafficking Section
555 4th Street, N.W., Room 4110
Washington, D.C. 20503
(202)307-0029

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | **Criminal No.  08-CR-161 (RBW)** |
| | : | |
| KENNETH POSEY | : | |
| JOHN HENRY HALEY | : | |
| Defendants, | : | |

## <u>ORDER</u>

Having reviewed the Government's motion to introduce evidence of other crimes, wrongs, or acts under F.R.C.P. 404(b) and government's motion to admit such evidence at trial, any Opposition thereto, and such evidence as has been presented at a hearing on the motion, the Court hereby rules that the Government's Motion Regarding Rule 404(b) evidence is GRANTED.

IT IS SO ORDERED.

Dated:_____          _____
                                  The Honorable Reggie B. Walton
                                  United States District Judge

COPIES TO:

Arvind K. Lal
Nancy B. Jackson
Assistant United States Attorneys
Organized Crime & Narcotics Trafficking Section
Office of the United States Attorney          Cary Clennon, Esquire
555 Fourth Street, N.W.                        P.O. Box 29302
Washington, D.C. 20530                         Washington, DC 20017

John Briley, Jr., Esquire                      Mitchell Seltzer, Esquire
6205 30th Street, N.W.                         601 Indiana Avenue, N.W., Suite 500
Washington, D.C.  20015                        Washington, D.C.  20004