UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JUL 2 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 08-161 (RBW) - 1 |
| ) | |
| KENNETH POSEY, ) | |
| ) | |
| Defendant. ) | |

## ORDER TO SHOW CAUSE

On July 8, 2008, the government filed a document styled as a "Motion Regarding Rule 609 Evidence," in which it provides "notice [to] each defendant of his criminal history and the [United States's] intention to use those convictions should evidence of the conviction be appropriate and relevant." Government's Motion Regarding Rule 609 Evidence (the "Gov't's Mot.") at 1. The need for filing this document as a motion—a routine practice by the government—is unclear. "The term 'motion' means an application made to a court or a judge for purpose of obtaining a rule or directing some act to be done in favor of the applicant," Melendez v. United States, 518 U.S. 120, 126 (1996) (internal quotations and citation omitted), and, indeed, the government "respectfully requests that the Court permit [it] to impeach the defendant with his prior convictions should he choose to testify," Gov't's Mot. at 3. But while any party is free to request a preliminary ruling on the admissibility of evidence, see Fed. R. Evid. 104(a) ("Preliminary questions concerning the . . . admissibility of evidence shall be determined by the [district] court . . . ."), nothing in Federal Rule of Evidence 609 compels the government to seek "permission" from the Court to admit such evidence. To the contrary, it is

the obligation of the party opposing admission of the evidence to timely object to the admission of that evidence; without a properly raised objection, the admission of the evidence cannot be overturned unless it is plainly erroneous and affects substantial rights of the opposing party. Fed. R. Evid. 103.

The government may have filed its motion, at least in part, in an attempt to toll the accrual of time under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3152-56, 3161-74 (2000) (the "Speedy Trial Act" or the "Act"). Under the Speedy Trial Act,

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days of the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The Act "generally requires a trial to begin within 70 days of the filing of an information or indictment or the defendant's initial appearance, . . . but the Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." Zedner v. United States, 547 U.S. 489, 497 (2006). Accordingly, "the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which the trial must start." Id. This list, set forth in § 3161(h), includes "any delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," id. § 3161(h)(1)(F), any "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court," id. § 3161(h)(1)(J), and "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge granted such [a] continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and

2

the defendant in a speedy trial," id. § 3161(h)(8)(A). With respect to exclusions of time pursuant to § 3161(h)(1)(F), "the exclusion of the time between the filing and disposition of [the] pretrial motions . . . is automatic and need not cause actual delay of the trial." United States v. Wilson, 835 F.2d 1440, 1443 (D.C. Cir. 1987).

Given the language of § 3161(h) and the Circuit Court's ruling in Wilson, the government might (understandably) assume that, as a "pretrial motion," 18 U.S.C. § 3161(h), its motion to admit evidence subject to Rule 609 will toll the accrual of time under the Speedy Trial Act unless and until the Court resolves the motion. However, this assumption is not feasible in light of the District of Columbia Circuit's recent decisions in United States v. Harris, 491 F.3d 440 (D.C. Cir. 2007), United States v. Bryant, 523 F.3d 349 (D.C. Cir. 2008), and United States v. Van Smith, No. 06-3099, 2008 WL 2583026 (D.C. Cir. July 1, 2008). In all three of these cases, the government argued that the Speedy Trial Act was tolled indefinitely by the filing of documents placing the defendants in those cases on notice that the government intended to use evidence subject to the provisions of Rule 609, and in each of those cases the District of Columbia Circuit held that the Speedy Trial Act was tolled only for a short span of time or not at all.

In Harris, one of the defendants appealed his conviction for possession with intent to distribute five or more grams of cocaine base, in part on the ground that his trial counsel "was ineffective for failing to raise a Speedy Trial Act claim." Harris, 491 F.3d at 442. Commencing its analysis "with the threshold legal question of whether the delay between [the defendant's] indictment and trial violated the Speedy Trial Act at all," the Circuit Court reasoned that the first issue to be resolved was whether the government's notice of intent to impeach the defendant with his prior convictions pursuant to Rule 609 was "a pretrial motion tolling the speedy trial

3

clock," id. at 443. The court concluded that because the notice provided by the government was not categorized as a pretrial motion for purposes of Federal Rule of Criminal Procedure 12(b), its "notice was not a motion, but [that] [the defendant's] response was one, and it tolled the clock . . . from the date of its filing." Id. at 444. The court then concluded that time did not accrue under the Speedy Trial Act for an additional thirty days from the date of the hearing on the defendant's objection to the government's notice, thus bringing the delay between the defendant's indictment and trial below the seventy non-excludable days permitted by the Act. Id. at 444-45.

The District of Columbia Circuit took a slightly different approach to a similar problem in Bryant. In that case, the defendant appealed his conviction for possession of an unregistered firearm and possession of a firearm and ammunition by a convicted felon on the ground that, inter alia, his rights under the Speedy Trial Act were violated. Id. at 350-51. The government argued in response that the period of time between October 28, 2005, and February 16, 2006, was included by the defendant in error in his calculation of time "because the government had an outstanding motion filed with the [d]istrict [c]ourt at that time." Id. at 358.

Relying upon Harris, the defendant argued that the two filings referenced by the government—separate documents bearing the identical title "Notice of Intention and Motion to Admit Evidence of Defendant's Prior Conviction Pursuant to Federal Rule of Evidence 609"—were not "motions" at all within the meaning of the Speedy Trial Act. Id. After noting this argument, the Circuit Court declined to decide it, reasoning instead that "[e]ven assuming arguendo that [the filings referenced by the government] [were] [] motion[s], [they] would not have tolled the [Speedy Trial Act] for as long as the [g]overnment claims." Id. at 359. The Circuit Court explained its conclusion in a lengthy passage that warrants recitation in full:

4

In [Henderson v. United States, 476 U.S. 321 (1986)], the Supreme Court held that "all time between the filing of a motion and the conclusion of the hearing on that motion" should be excluded from the speedy trial clock, whether or not the delay was "reasonably necessary." 476 U.S. at 330[.] However, the Court differentiated between motions that require a hearing—in which case, all time is excluded, whether "reasonably necessary" or not—and motions that were decided solely on the basis of paper submissions to the trial court. For motions that do not require a hearing, § 3161(h)(1)(J) tolls the speedy trial clock only for "delay reasonably attributably to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(J) (emphasis added). As the Henderson Court explained:

> [18 U.S.C. § 3161(h)(1)(F)], written in the disjunctive, excludes time in two situations. The first arises when a pretrial motion requires a hearing: subsection (F) on its face excludes the entire period between the filing of the motion and the conclusion of the hearing. The second situation concerns motions that require no hearing and that result in a "prompt disposition." There, the promptness requirement was "intended to provide a point at which time will cease to be excluded, where motions are decided on the papers filed without hearing." S. Rep. No. 96-212 [(1979)], at 34. The "point at which time will cease to be excluded" is identified by subsection (J), which permits an exclusion of 30 days from the time a motion is actually "under advisement" by the court. Without the promptness requirement in subsection (F), a court could exclude time beyond subjection (J)'s 30-day "under advisement" provision simply by designating the additional period as time "from the filing of the motion" through its "disposition" under subsection (F). As the Senate Committee on the Judiciary explained:
>
>> "In using the words 'prompt disposition,' the committee intends to make it clear that, in excluding time between filing and disposition on the papers, the Committee does not intend to prevent circumvention of the 30-days, 'under advisement' provision contained in Subsection (h)(1)(J). Indeed, if motions are so simple or routine that they do not require a hearing, necessary advisement time should be considerably less than 30 days." Ibid.

In the instant case, the [d]istrict [c]ourt never held a hearing on the Rule 609 motion[s], nor did it ever indicate that such a hearing might be required. Thus, once [the appellant's] counsel failed to file a timely response on or before October 28, 2005, the Rule 609 filing[s] [were] "under advisement" by the [d]istrict

5

[c]ourt. This meant that the trial judge could toll the speedy trial clock only for an additional 30 days while deciding the motion. As of November 27, 2005, however, time began accruing on the speedy trial clock again.

Id. (all emphasis supplied by the court in Bryant).

Finally, in Van Smith, one of the defendants appealed the district court's refusal to dismiss his indictment on the ground that the defendant's trial violated the Speedy Trial Act. Van Smith, 2008 WL 2583026 at *1. Once again, the government argued that it had tolled the accrual of time for purposes of the Speedy Trial Act, this time by filing a document styled as a "Motion Regarding Rule 609 Evidence." Id. at *2. And once again, the Circuit Court rejected this argument, reasoning that "[t]he Rule 609 filing . . . fit[] [its] description of notices in Harris, and therefore was not a pretrial motion that tolled the speedy trial clock." Id. at *3. The court based its conclusion in large part on the fact that "neither [the defendant] nor [his co-defendant] responded in any way to the government's Rule 609 filing" as well as the fact that "the district court did not treat the filing as a motion," but rather "ignored the filing for almost twenty months, addressing it only at trial when it became relevant because of the government's planned cross-examination of [the defendant] and after asking to be reminded by the government as to whether there were any Rule 609 issues pending." Id. It explained its reasoning as follows:

> In determining whether a filing is a motion, we are mindful of the Supreme Court's statement in Henderson that "[t]he provisions of the [Speedy Trial] Act are designed to exclude all time that is consumed in placing the trial court in a position to dispose of a motion." 476 U.S. at 331. Where, as here, the government submits an evidentiary notice that does not require the attention of the trial court before trial, it serves no purpose of the Act for us to treat the filing as a motion and toll the clock just because the government styled its filing as a "motion." In fact, allowing the government to toll the speedy trial clock by styling an evidentiary notice as a "motion" would compromise the purpose of the Speedy Trial Act. As the First Circuit has explained regarding pretrial submissions of evidence, to treat such filings, which are "commonly carried over until trial," as pretrial motions that toll the speedy trial clock would allow the government to circumvent the Speedy Trial Act by submitting its filings "at an early stage and then failing to press for prompt disposition." United States v.

6

Rush, 738 F.2d 497, 505-06 (1st Cir. 1984). Surely, "[t]his was not the intent of Congress under [18 U.S.C. § 3161](h)(1)(F), or (h)(1) generally." Id. (citations omitted). Likewise[,] we do not think it consonant with the purpose of the Speedy Trial Act to toll the clock for the filing of an unopposed evidentiary notice where there is no evidence that the court was placed in a position to dispose of the filing. See Henderson, 476 U.S. at 331.

Id.

Under the District of Columbia Circuit's rulings in Harris and Bryant, the government's motion will at most toll the accrual of time under the Speedy Trial Act until thirty days have passed since the motion was taken "under advisement" by the Court. 18 U.S.C. § 3161(h)(1)(J). Moreover, under Harris and Van Smith it may not toll the accrual of time under the Act at all if the defendants fail to file oppositions and the Court passes over the motion until trial because under those circumstances the Court will not have to spend any time "placing [itself] in a position to dispose of a motion." Henderson, 476 U.S. at 321. In short, the government has needlessly requested an in limine evidentiary determination that may or may not result in a tolling of the accrual of time under the Speedy Trial Act for an as-yet undeterminable, but necessarily limited, amount of time.

The situation created by the government's filing is intolerable. The parties and the Court should be able to calculate the amount of time remaining under the Speedy Trial Act on a prospective basis. They should not be forced to decide, after the fact, whether a defendant's rights under the Act have been violated because a putative motion filed by one of the parties was not a "pretrial motion" within the meaning of the Speedy Trial Act or did not toll the accrual of time under the Act for as long a period as one or more of the parties had assumed.

The Court will therefore order the government to show cause in writing why the Court should decide the admissibility of the government's proffered evidence now as opposed to at trial or upon the filing of a motion to exclude by one or both of the defendants against whom such

evidence may be offered. If the government cannot make such a showing, the Court will deny its "motion" without prejudice to the introduction of evidence subject to Rule 609 by the government at trial or the government's right to notify the defendants of its intent to introduce such evidence, thereby clarifying that the government's Rule 609 filing has not tolled the accrual of time under the Speedy Trial Act. Alternatively, the government may obviate this obligation by withdrawing its motion and filing a notice of intent to use the defendants' prior convictions in its stead. A properly designated notice will at least make it clear that any request to exclude such evidence by the defendants will toll the accrual of time under the Speedy Trial Act (albeit perhaps only temporarily), thereby alleviating any confusion as to how much time remains under the Act at any given point in time.

It is therefore

**ORDERED** that on or before July 23, 2008, the government shall show cause in writing why the Court should not deny its motion without prejudice for the reasons stated above. It is further

**ORDERED** that the defendants shall file their memoranda of law in support of denial without prejudice, if any they intend to file, on or before July 25, 2008. It is further

**ORDERED** that the parties shall appear before this Court for a hearing on this matter on July 28, 2008, at 10:00 a.m.

SO ORDERED this 17th day of July, 2008.

REGGIE B. WALTON
United States District Judge