UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 08-161-02(RBW) |
| | : | |
| | : | |
| JOHN HALEY, | : | |
| Defendant | : | |

**DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S
PROPOSED INTRODUCTION OF RULE 404(b) EVIDENCE**

The defendant, through undersigned counsel, opposes the introduction of evidence as proposed in the Government's Motion to Introduce Evidence of Other Crimes, Wrongs or Acts Under Federal Rule of Evidence 404(b).

In support of this Opposition, the defendant states the following:

1. The defendant, along with two codefendants, is charged by indictment with Conspiracy to Distribute and Possess With Intent to Distribute Cocaine and Cocaine Base, 21 U. S. C. Sect. 846 (COUNT ONE); Conspiracy to Transport and/or Receive Stolen Goods, 18 U.S.C. Sect. 371 (Count Two) and related substantive offenses. The government alleges that on multiple occasions the defendants exchanged cocaine base in return for stolen televisions and other goods during transactions with a confidential informant and an undercover agent.

**I. THE PROPOSED EVIDENCE IS INADMISSIBLE PURSUANT TO RULE 404(b).**

2. The Government's 404(b) pleading lists the criminal histories of Mr. Haley and of one of his codefendants, Kenneth Posey. As to Mr. Haley, it lists the following convictions:

1976, D.C., Carrying a Pistol Without a License, Receiving Stolen Property;

1964, Maryland, Grand Larceny;

1995, Maryland, Malicious Wounding, Use of a Handgun During a Crime of Violence.

It fails however to state which convictions it intends to introduce against which defendant

pursuant to Rule 404(b). It also fails to describe the underlying criminal conduct that resulted in a conviction in each case. Despite the apparently disparate nature of each of the underlying criminal acts, the prosecution fails to state with any specificity how any individual incident is relevant to any specific count in the indictment.  The government only generalizes that the introduction of this evidence would be permissible for any of the purposes listed in 404(b), including identity. [1]  See Government's 404(b) Pleading at 5.

       3.  By seeking to introduce three unrelated bad acts, one of which took place 44 years ago, another that took place 32 years ago, and the most recent of which took place 13 years ago, the government is obviously seeking to establish the defendant's bad character in order to convince the jurors that he must be guilty here.  Aside from the staleness of the convictions, none relates in anyway to drug trafficking, the gravaman of the conduct alleged against the defendant. Federal Rule of Evidence 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

"Evidence of a defendant's prior 'bad acts' is excluded when its sole tendency is to prove that the defendant is a person of bad character and thus predisposed to commit the crime for which he is on trial." United States v. Manner, 887 F.2d 317,   (D.C. Cir.1989).  For the admission of such evidence to be proper, the evidence must be relevant to a material issue, other than the defendant's character.  See United States v. Foskey, 636 F.2d 517, 523 (D.C. Cir. 1980).

       4.  Rule 404(b) evidence is admissible only if it passes the well-established two-step analysis.  "The first step requires that the evidence be probative of some material issue other

---

[1] By merely listing each defendant's prior convictions without delineating the underlying conduct pertinent to each of Mr. Haley's convictions, the government's pleading resembles a Rule 609 Notice more than it does a Motion to Introduce 404 (b) Evidence. It also necessarily limits the specificity of the points and authorities that can be cited in this Opposition.

than character. ... The second step requires that the evidence not be inadmissible under any of the general strictures limiting admissibility." United States v. Washington, 969 F.2d 1073, 1080 (D.C. Cir. 1992). In United States v. Daniels, 770 F. 2d 1111, 1114, (D.C. Cir. 1985), the Court of Appeals, in ruling against the admission of the nature of the prior offense in a felon in possession prosecution, stated:

> ...The exclusion of other crimes evidence is not simply a technicality designed to prevent law enforcement personnel from doing their job; it reflects and gives meaning to the central precept of our system of justice, the presumption of innocence.

The Court has also recognized that "...even when a trial judge carefully instructs the jury regarding the limited significance it should give evidence of other crimes, prejudice to the defendant is ' well nigh inescapable,' " Id. at 1116, quoting United States v. Carter, 482 F.2d 738, 740 ( D.C. Cir. 1973).

    5. What the government ignores is that in order for the prior "bad act" to be relevant, it must generally be close in time and fundamentally similar in nature to the crime charged. Manner, supra at 321; United States v. Lavelle, 751 F.2d 1266 (D.C. Cir.), *cert denied*, 474 U.S. 817 (1985). The balance should generally be struck in favor of admission only "*…when the evidence indicates a close relationship to the event charged,* " United States v. Day, 591 F. 2d 861, 878 (D.C. Cir. 1978) (emphasis added). The defendant's prior convictions indicate no such close relationship, On their face, and given that the underlying conduct occurred at least 32 years ago, the convictions for Carrying a Pistol Without a License and Receiving Stolen Property lack any probative value. The conviction for Larceny based upon conduct that took place 44 years ago is likewise not material, especially at this late date. Finally, a conviction for malicious wounding in 1995 is totally immaterial as to whether or not the defendant exchanged drugs for stolen goods as alleged here. Rather the very nature of these allegations is likely to inflame the

passions of the jurors and cause them to consider convicting the defendant because he is a bad person, not because the government has proven beyond a reasonable doubt that he participated in the illegal conduct that it alleges in the indictment. (Distinguish cases cited in *Government Pleading* at 6—oldest prior bad act took place 11 years before charged conduct and in all cases the prior conduct was factually similar and of similar nature to indicted offense.)

      6. If the government here is attempting to introduce the defendant's convictions to show intent or knowledge, they have failed to lay a sufficient foundation to do so, since the allegation is that Mr. Hailey made direct transfers of narcotics to a confidential informant in exchange for bait property. Even "…if intent (were) formally an element of the crime, but it is implausible that the charged acts could have been committed absent the requisite intent, then intent 'seems a very weak ground of admission." United States v. Mitchell, 49 F. 3d 769 (D.C.Cir. 1995) quoting United States v. Johnson, 970 F. 2d 907, 913 (D.C. Cir. 1992). This principle has been reaffirmed in recent years by the D.C. Circuit of Appeals, distinguishing between constructive possession cases that may allow for the introduction of similar prior possessions in firearms and narcotics cases to prove knowledge and intent, and actual possession cases wherein the introduction of such prior instances of possession are prohibited. United States v. Johnson, 519 F. 3d 478, 483 (D.C. Cir. 2008) (introduction of prior possession of narcotics not permitted as 404(b) evidence where other evidence in PWID Cocaine Base case was introduced to prove actual possession of cocaine base by appellant); See United States v. Linares, 367 F.3d 941, 946-52, (D.C. Cir. 2004); United States v. Jones, 484 F.3d 783, 788-91 (5th Cir. 2007).

**II. THE INTRODUCTION OF THE PROPOSED PRIOR CONVICTIONS, EVEN IF SOMEHOW SHOWN TO BE MARGINALLY PROBATIVE, MUST BE EXCLUDED UNDER FEDERAL RULE OF EVIDENCE 403.**

7. It is highly likely that the jury here would give the prior incidents excessive weight by concluding that Mr. Haley must have must have participated in the charged offenses because he participated in prior bad acts, including a previous act of violence. In effect, Mr. Haley would be convicted based on his previous misdeeds only, See Daniels, supra at 1115-18 (D.C. Cir. 1985), despite the fact that they took place between 13 and 44 years ago and are no way linked to the current charges against him. Here there is such an attenuated time span between the prior misconduct and the charged offenses, and no identifiable nexus between the past and current events, that the resultant prejudice could not be outweighed even if the prior events were shown to be marginally relevant. See United States v. Haywood, 280 F. 3d 715, 720-24 (6th Cir. 2002) (PWID conviction reversed and remanded; time elapsed of sufficient length to require a greater similarity between the two events where defendant's possession of crack cocaine six month later was introduced to prove he possessed crack with the intent to distribute it on the earlier date; even if Court had held evidence were probative, it still must be excluded based upon Rule 403 balancing test, especially since intent is easily proven by the quantity of the drugs.)

8. The local District Court has historically been sensitive to this danger that marginally probative prior bad acts will be overwhelmed by their prejudicial effect. In United States v. Knight, 185 F.Supp. 2d 65, 69 (2002), Judge Robertson ruled that evidence of prior drug dealing, one year earlier, in a drug distribution and possession of a firearm during a drug trafficking offense case, would be "…at best cumulative on the question of knowledge and intent. It appears to have no real purpose except to prove that this defendant is a drug dealer-- which is forbidden under Rule 404(b) as propensity evidence. I find the probative value of the evidence to be substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403."

<u>Id.</u>  Similarly here, in a case where the probative value is even more attenuated due to the age and unrelated nature of the defendant's prior misconduct, and the prejudice likely to be even greater, especially when the prior acts involve violence, Rule 403 mandates that the evidence be excluded. See <u>United States v. Mooney</u>, 788 F. Supp. 592, 595-96 (D.D.C., Oberdorfer, J., 1992) (Court, while holding evidence insufficient to convict defendant in felon in possession case, also rules that evidence of nature of prior felony is inadmissible to prove guilt or innocence, citing <u>Daniels</u>, <u>supra</u>.); <u>United States v. Duran</u>, 884 F. Supp. 558, 561-62 (D.D.C., Richey, J., 1995) (Court, while finding evidence of parole denials, dishonorable discharge from military, correspondence regarding prior felon status, and attempts to purchase firearms marginally relevant in attempted assassination case, excludes all such evidence pursuant to Rule 403 as not highly probative of the issues of intent or motive, and because "...the jury could easily infer from such evidence that the defendant is a bad person with criminal propensities, and improperly convict on that basis." <u>Id</u>. at 562.)

  **WHEREFORE**, for the foregoing reasons, and such others as may appear to the Court, the defendant respectfully prays for this Court to bar the government's admission of Rule 404(b) Evidence as proposed by the government.

                Respectfully submitted,

                _____
                Mitchell M. Seltzer, Bar No. 261933
                Counsel for John Haley
                717 D Street, NW,  #310
                Washington, D.C. 2004
                (202) 347-2333

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Opposition To Government's Admission Of Rule 404(b) EVIDENCE was served electronically upon the United States Attorney's Office and each codefendant counsel of record this ___18th__ day of August 2008.

    _____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No. 08-161-02(RBW) |
| : | |
| : | |
| JOHN HALEY, : | |
|     Defendant : | |

### ORDER

Upon consideration of the Government's Motion to Introduce Evidence of Other Crimes, Wrongs or Acts Evidence under F.R.C.P. 404(b), the defendant's Opposition thereto, and the entire record in this case, it is hereby this _____ day of _____, 2008,

**ORDERED**, that the Government's request to introduce evidence pursuant to Rule 404(b) is hereby **DENIED.**

_____
**REGGIE B. WALTON, JUDGE**
United States District Court
for the District of Columbia