UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Crim. No. 08-161-02(RBW) |
| JOHN HALEY, : | |
|       Defendant | |

**DEFENDANT'S MOTION FOR TIMELY DISCLOSURE OF IDENTITY OF
INFORMANTS WITH POINTS AND AUTHORITIES IN SUPPORT THEREOF**

     The defendant, John Haley, by and through undersigned counsel, moves this Honorable Court, pursuant to Rule 12 of the Federal Rules of Criminal Procedure, to order the Government to disclose the identities, including addresses and telephone numbers of the confidential informants involved in this case. In support thereof, the defendant relies upon the following points and authorities:

     In support of this motion, the defendant states the following:

        1. The defendant, along with two codefendants, is charged by indictment with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base, Count One, Conspiracy to Receive Stolen Goods, Count Two and in the additional counts, with specific telephone use violations and with specific instances of trading cocaine base in return for "bait" stolen goods. The bait property was supplied by the police while employing a confidential informant who participated in and set up the transactions; the CI was supervised and assisted by an undercover officer (UC) who also participated in the transactions. During this police operation, the UC and the CI both entered 1112 Eastern Avenue, Apartment #104, on several occasions to trade bait property for cocaine base, and to make electronic recordings, both video and audio, of the alleged transactions that took place with that apartment. They entered the apartment on each occasion without a warrant and without consent to enter.

2. Subsequently, on June 9, 2008, ATF agents applied for and were issued a warrant to search the premises. The warrant affidavit relied largely on observations within Apartment #104 that were made by the CI and recorded during the prior entries that took place without voluntary consent.

3. The C.I. #1 was an actual participant in the activities that allegedly establish the two conspiracies alleged in Count One and Count Two, as well as the individual cocaine-for-stolen goods transactions alleged in the other counts. Specifically, C.I. # 1 allegedly contacted one of the codefendants to set up the initial transaction, and allegedly consummated an exchange of goods for cocaine base with Mr. Haley shortly thereafter. A similar transaction allegedly took place between the C.I. and the defendant a few days later, and with one of the codefendants several months thereafter. C.I. #1 is an actual participant in the transactions, as well as the only non-law enforcement witness to the transactions and the surrounding events.

4. The Government has not supplied the identity of this informant.

5. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege (to withhold his identity) must give way. In these situations the trial court may require disclosure, and if the Government withholds the information, dismiss the action. Roviaro v. United States, 353 U.S. 53, 60-61 (1975).

6. Here the flow of information is not an issue--the CI is an active participant, not just a dispenser of information. The balance weighs heavily in favor of disclosure, since the CI "...had helped to set up the criminal occurrence and had played a prominent part in it." Rovario, supra at 64. In Rovario, supra, the Supreme Court held that the trial court had committed prejudicial error by permitting the Government to withhold the identity of its undercover employee. The Court's reasoning is equally valid here: the "informant" therein had helped to set up the criminal occurrence, had played a prominent part in it, and was the only person in a position to contradict or amplify the

testimony of police witnesses. *Id*. Here the CI's potential testimony is especially critical to establish that the defendant did not possess or distribute cocaine base in exchange for stolen goods or otherwise play a role in the alleged transactions or the conspiracies charged in Counts One and Two. Therefore, the desirability of calling the informant as a witness, or at least in interviewing him in preparation for trial is a matter for the accused rather than the Government to decide. Id; (Distinguish United States v. Skeens, 449 F.2d 1066, 1070 (D.C. Cir. 1971), wherein the informant did not actively participate in the alleged criminal activity, and disclosure was therefore not required).

7. The Supreme Court in Roviaro made it clear that when the informant's name and address were requested, the Government should have been required to supply that information or suffer dismissal of the charges. Id. at 65. It will be seldom that a name alone is sufficient to identify an informer. See United States v. Goss, 237 F. Supp. 26, 28-29 (S.D.N.Y. 1965) (Government's refusal to supply name, address and telephone number of informant led the Court to grant the defendant's motion to suppress evidence.)

8. Absent a timely opportunity to interview the informants in a neutral setting, the defense will be denied effective use at trial of the fruits of such an interview. See United States v. Pollack, 534 F.2d 964, 973-74 (D.C. Cir. 1976). The due process requirements of Brady v. Maryland, 373 U.S. 83 (1963), dictate that the defense be provided timely access to the witness.

9. A hearing on this motion is requested.

**WHEREFORE**, the defendant respectfully requests that his motion be granted, and that the government be ordered to provide to defense counsel the names, addresses, and telephone numbers of the CI at least 14 days in advance of any scheduled motions hearing.

Respectfully submitted,

_____
Mitchell M. Seltzer
Bar #261933
Counsel for John Haley
717 D Street N.W.#310
Washington, D.C. 20004
 (202) 347-2333

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion For Timely Disclosure Of Identity Of Informants has been served electronically upon each counsel of record for the government and upon each codefendant's counsel of record, this \_\_\_\_21st\_\_\_\_ day of August 2008.

_____

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | |
| : | **Crim. No.** |
| : | **08-161-02(RBW)** |
| **JOHN HALEY,** : | |
| **Defendant** | |

## ORDER

Upon consideration of the defendant's Motion for Timely Disclosure of Identity of Informants, any opposition thereto and the entire record of this case, it is hereby this _____ day of _____, 2008,

**ORDERED**, that the defendant's motion be **GRANTED**;

**FURTHER ORDERED**, that the Government shall provide the names, addresses and telephone numbers of the informant(s) to defense counsel by _____, 2008.

_____
**REGGIE B. WALTON**, **Judge**
United States District Court
For the District of Columbia