UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 08-CR-161-03 (RBW) |
| | : | |
| RONALD HALEY | : | |
| a/k/a "Billy" | : | |

**DEFENDANT'S MOTION TO STRIKE CAPTION
AS IRRELEVANT SURPLUSAGE**

Defendant Ronald Haley, a/k/a "Billy," by and through undersigned counsel and pursuant to Federal Rules of Criminal Procedure 12(b)(2) & (b)(3)(b) and Rule 7(d), respectfully moves this honorable court to strike as surplusage that part of the case caption which represents an "alias" name. In support thereof counsel states the following:

1. On June 3, 2008, a Grand Jury indicted Ronald Haley, a/k/a "Billy," and two codefendants with conspiracies to distribute and possess with intent to distribute in excess of fifty grams of cocaine base and to transport and/or receive stolen goods. Nine other counts allege substantive counts of distribution of cocaine base and use of a telecommunications facility to facilitate the distribution of cocaine base, and aiding and abetting.

2. Defendant Haley was arraigned on June 11, 2008, and entered pleas of not guilty to all charges alleged against him.

3. After a hearing on the government's motion to detain him without benefit of bond, the motion was denied and the Defendant was ordered released on work release in a halfway house by the Hon. John Facciola, Magistrate Judge.

4. Throughout the indictment the Defendant is referred to and identified as "Ronald Haley, a/k/a 'Billy.'"

5. Upon information and belief, the Defendant has never identified himself as "Ronald Haley" and has never held himself out to anyone as "Ronald Haley," has never used "Ronald Haley" as a moniker, and has never applied for or obtained or possessed any type of identification in the name of "Ronald Haley."

6. The Defendant's true name and the only name in which he has obtained or possessed identification documents is William B. Harris or William Bond Harris. He is also known as "Billy," a nickname reflected on a visible tattoo on his forearm and a commonly-used nickname for those carrying the given name of William.

7. The identification of the Defendant as Ronald Haley is prejudicial, degrading, irrelevant for any legitimate purpose and surplusage in this indictment and should be stricken.

## POINTS AND AUTHORITIES

8. " Material that can fairly be described as 'surplus' may only be stricken [from an indictment] if it irrelevant and prejudicial." United States v. Clark, 184 F.3d 858, 869 (D.C. Cir. 1999); quoting United States v. Oakar, 111 F.3d 146, 157 (D.C. Cir. 1997).

9. " The practice of allowing aliases to exist has been condemned where as they serve no useful purpose either to identify the accused or to protect him from double jeopardy. United States v. Beedle, 463 F. 2d 721, 725 (3rd Cir. 1972);  United  States v. Grayson, 166 F.2d 863, 867 (2 Cir. 1948); United States v. Solowitz, 99 F.2d 714, 715 (7th Cir., 1938). See Lefco v. United States, 74 F.2d 66, 70 (3rd Cir. 1934); D'Allessandro v. United States,  90 F.2d 640, 641 (3rd Cir. 1937). See generally 87 A.L.R.2d 1217-1218.  In that the Defendant has never identified himself as Ronald Haley, used the name Ronald Haley, presented himself to third

parties as Ronald Haley, or used the name Ronald Haley as an identifying moniker in any context, its use in the indictment and at trial would be unduly prejudicial and should not be allowed.

10. "The purpose of Rule 7(d) is to protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charges. <u>United States v. Poore</u>, 594 F.2d 39, 41 (4th Cir., 1979). Thus it has been invoked to strike aliases from indictments where the alias was not relevant to the issue of the defendant's identification, see, e.g., <u>United States v. Wilkerson</u>, 456 F.2d 57 (6th Cir.), cert. denied, 408 U.S. 926, 92 S.Ct. 2507, 33 L.Ed.2d 337 (1972), and to strike prejudicial language describing the nature of a prior felony conviction (carrying a handgun) from an indictment charging defendant with possession of a firearm by a previously convicted felon, e.g., <u>United States v. Poore, 594 F.2d at 41</u>." <u>United States v. Ramirez</u>, 710 F.2d 535, 545 (9th Cir., 1983).  Here, the Rule is invoked to prevent the government from implying some nefarious and inappropriate purpose by the alleged use of an alias name.  Upon information and belief, there is no evidence a second name has been invoked to hide the Defendant's identity or prevent or obscure the ability of police to apprehend the Defendant.  There is no evidence that the name "Ronald Haley" links the Defendant to any place or incriminating evidence.  There is no relevant purpose to its use in this prosecution and its admission in the indictment or in any other manner would violate Federal Rule of Evidence 403 (requirement of relevancy for the admission of evidence).

WHEREFORE, for the aforementioned reasons and those that may appear at a hearing on this motion, the Defendant respectfully moves this honorable court to strike the name "Ronald Haley" from the indictment as prejudicial surplusage and prevent its admission in evidence.

Respectfully submitted,

_____/s/_____
CARY CLENNON      DC Bar # 366816
Counsel for the Defendant
Appointed by the Court

P.O. Box 29302
Washington, DC 20017
(202) 269-0969

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the preceding pleading was sent by electronic mail and ECF to Assistant United States Attorneys Nancy Jackson and Arvind Lal, Office of the United States Attorney for the District of Columbia, 555 Fourth Street NW, Washington, DC 20530.

_____/s/_____
CARY CLENNON

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | 08-CR-161-03 (RBW) |
| **RONALD HALEY**<br>a/k/a "Billy" | : | |

**O R D E R**

This matter having come before the Court on Defendant Ronald Haley's Motion to Strike Caption As Irrelevant Surplusage, and the Court being fully informed in the premises, and having considered the respective positions of the parties, it is, this _____ day of _____, 2008,

ORDERED, that Defendant's Motion be and is hereby GRANTED.

_____
REGGIE B. WALTON
UNITED STATES DISTRICT JUDGE